IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 4 2002

Michael N. Milby
Clerk of Court

ROSALINDA VILLASENOR

VS.

STATE FARM FIRE AND CASUALTY
COMPANY AND GARY GONZALEZ

CIVIL ACTION NO. B-02-113
**(JURY DEMANDED)**

## JOINT REPORT OF MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW **ROSALINDA VILLASENOR**, Plaintiff and Defendant, **STATE FARM FIRE AND CASUALTY COMPANY AND GARY GONZALEZ**, by and through their respective counsel of record, and submit the following report of their meeting, pursuant to FED. R.CIV. P. 26(f):

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held (telephonically) on September 18, 2002. Michael R. Cowen, 765 East 7th Street, Suite A, Brownsville, Texas 78520; phone 956/541-4981; fax 956/5043674, State Bar No. 00795306, participated on behalf of the Plaintiff, Rosalinda Villasenor. Craig H. Vittitoe, P.O. Drawer 1429, Harlingen, Texas 78551-1429, phone 956/428-7495; fax 956/428-2954, State Bar No. 20593900; Federal Bar No. 18756 participated on behalf of Defendant, State Farm Fire and Casualty Company.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **None.**

3. Specify the allegation of federal jurisdiction.

   **Diversity jurisdiction; 28 U.S.C. §1332.**

4. Name the parties who disagree and the reasons.

   **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None.**

6. List anticipated interventions.

   **None.**

7. Describe class action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Timely disclosures will be completed.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **On or before the initial pre-trial and scheduling conference before the court.**

   B. When and to whom the Plaintiff(s) anticipate they may send interrogatories.

   **In the immediate future. In no event later than 30 days after the initial pre-trial and scheduling conference before the court.**

   C. When and to whom the Defendant anticipates it may send interrogatories.

   **Done. Such was propounded prior to the removal of the case. Responses have been received.**

   D. Of whom and by when the Plaintiff anticipates taking oral depositions.

   **December 31, 2002.**

   E. Of whom and by when the Defendant anticipates taking oral depositions.

   **December 31, 2002.**

   F. List expert depositions the Plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (Expert Report).

   **December 31, 2002.**

   G. List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (Expert Report).

   **December 31, 2002.**

10. If the parties are not agreed on a date of the discovery plan, describe the separate views and proposals of each party.

    **N/A**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **The Defendant has propounded initial written discovery, interrogatories, request for disclosures and request for production. The Plaintiff provided written responses.**

12. State the date the planned discovery can reasonably be completed.

    **April 15, 2003.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties agree to arbitrate the contract matters made the subject of dispute.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have discussed possible mediation of this matter. The parties have determined that they are required to arbitrate the insurance contract at issue in this case. The parties are undecided at the present time as to whether arbitration will resolve the extra-contractual tort matters alleged in this suit.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties have discussed possible mediation of this matter. The parties have determined that they are required to arbitrate the insurance contract at issue in this case. The parties are undecided at the present time as to whether arbitration will resolve the extra-contractual tort matters alleged in this suit.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Opposed.**

17. State whether a jury demand has been made and if it was made on time.

    **Yes, a jury was demanded and the fee paid prior to removal of the case from state court. Subsequently, a written jury demand was made upon removal to the United States District Court.**

18. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate 8 to 15 hours of trial evidence.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Motion to Abate Pending Arbitration.**

20. List other motions pending.

    **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Motion to Abate Pending Arbitration.**

22. List the names, bar number, addresses and telephone number of all counsel.

Plaintiff's attorney:

    Michael R. Cowen
    State Bar No. 00795306
    Fed. ID No. _19967_
    MICHAEL R. COWEN, P.C.
    765 East 7th Street, Suite A
    Brownsville, Texas 78520
    Phone (956) 541-4981
    Fax   (956) 504-3674

Defendant's attorney:

    Craig H. Vittitoe
    State Bar No. 2059300
    Fed. ID No. 18756
    ADAMS & GRAHAM, L.L.P.
    222 East Van Buren, West Tower
    P. O. Drawer 1429
    Harlingen, TX 78551-1429
    Phone (956) 428-7495
    Fax   (956) 428-2954

*Respectfully submitted,*

By: _/s/ Michael R. Cowen_
    MICHAEL R. COWEN
    **MICHAEL R. COWEN, P.C.**
    State Bar No. 00795306
    Fed. I.D. No. _19967_

ATTORNEY IN CHARGE FOR
PLAINTIFF

By: _/s/ Craig H. Vittitoe_ 9/18
    CRAIG H. VITTITOE
    **ADAMS & GRAHAM, L.L.P.**
    State Bar No. 20593900
    Fed. I.D. No. 18756

ATTORNEY IN CHARGE FOR
DEFENDANTS